IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS ROBERT MURPHY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 6:20-cv-00218-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff, formerly a pretrial detainee who is currently on pretrial release, brings what appears to be a hybrid *Bivens* and

1 - ORDER TO DISMISS

habeas corpus case. He complains about the conditions of his confinement during his pretrial detention, the failure of the Court to afford him a speedy trial, the effectiveness of his appointed attorneys, the legality of his Indictment, and rulings of the trial court. He asks the Court for various injunctive relief as well as money damages.

## STANDARDS

Dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and its Exhibits. *Id* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id*. From the facts alleged, the court also must draw all reasonable inferences in favor of the Plaintiff. *Usher v. City*

of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

**DISCUSSION**

Although Plaintiff's pleading contains habeas corpus claims, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases, the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918); *see also Medina v. Choate,* 875 F.3d 1025, 1029 (10th Cir. 2017) (habeas corpus is not the proper avenue of relief for a federal pretrial detainee). Accordingly, Plaintiff's habeas corpus claims are dismissed.

With respect to Plaintiff's claims against the United States pertaining to the conditions of his confinement during the time he was a pretrial detainee, such claims are not cognizable. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations." *Thomas-Lazear v. FBI*, 851 F.2d 1202,

3 - ORDER TO DISMISS

1207 (9th Cir. 1988). Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that: (1) the Complaint must consist of a short, plain statement of his claims in accordance with FRCP 8(a) that does not incorporate any portion of his prior pleading by reference; and (2) he must identify how each Defendant violated a federal right. Plaintiff's failure to file an amended complaint within the time allotted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this **16** day of February, 2020.

Marco A. Hernandez
United States District Judge